UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| JASON DAN DOPLE, | ) | | |
| | ) | | |
|     Plaintiff, | ) | | |
| | ) | | |
| | ) | No.: | 2:17-cv-00107 |
| v. | ) | | REEVES/CORKER |
| | ) | | |
| ERIC JONES, | ) | | |
| | ) | | |
|     Defendant. | ) | | |

## MEMORANDUM OPINION

Jason Dan Dople ("Plaintiff"), a prisoner in the Campbell County Jail in Jacksboro, Tennessee, filed this pro se civil rights complaint under 42 U.S.C. § 1983 on July 6, 2017 [Doc. 2], along with a motion for leave to proceed *in forma pauperis* [Doc. 1]. On July 10, 2017, the Court entered an Order advising Plaintiff that his motion for leave to proceed *in forma pauperis* was deficient, as it was not accompanied by a certified copy of his inmate trust account for the previous six-month period. [Doc. 3 at 1 (citing 28 U.S.C. § 1915(a)(2))]. The Court instructed Plaintiff that he was required to pay the full filing fee or submit the required documents within thirty days from the date of the Court's Order. [*Id.*]. Additionally, the Court advised Plaintiff that if he failed to comply with the Order, "the Court will presume that he is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution." [*Id.*].

More than thirty days have passed, and the plaintiff has not filed any response to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Despite receiving notice of the deficiency order, Plaintiff failed to submit a fully compliant motion for leave to proceed *in forma pauperis* or respond to the Court in any way. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Pro se status does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Accordingly, the Court finds that the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in*

*forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, Plaintiff is **ASSESSED** the full filing fee of $400.00, and this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**